Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Kashaka C. McKee** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF IOWA** | |
| Case number: | **19-00152** | |
| (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ■ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee as follows:**

**$50** per **Month** for **4** months
**$135** per **Month** for **32** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐    Debtor(s) will make payments pursuant to a payroll deduction order.
■    Debtor(s) will make payments directly to the trustee.
☐    Other (specify method of payment):

**2.3 Income tax refunds.**
   *Check one.*

| Debtor | **Kashaka C. McKee** | Case number | **19-00152** |
|---|---|---|---|

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

■ Debtor(s) will treat income refunds as follows:
**Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term and will turn over to the trustee all refunds received during the plan term. The Debtor(s) may request, by motion, to retain income tax refunds without plan modification. Debtor(s) may, without motion or order, retain the portion of any income tax refund necessary to pay the costs of tax return preparation or to pay an amount owed for the same tax year to any federal or state tax authority.**

**2.4 Additional payments.**
*Check one.*

☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

■ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
**Debtor(s) shall apply all of the Debtor(s)' projected disposable income received in the applicable commitment period beginning on the date that the first payment is due under this Plan to make payments to unsecured creditors under the Plan.**

**2.5**   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**4,520.00**.

### Part 3: Treatment of Secured Claims

**3.1    Maintenance of payments and cure of default, if any.**

*Check one.*
■    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

■    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
■    **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4    Lien avoidance.**

*Check one.*
■    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*
■    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### Part 4: Treatment of Fees and Priority Claims

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

| Debtor | **Kashaka C. McKee** | Case number | **19-00152** |
|---|---|---|---|

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **9.10**% of plan payments; and during the plan term, they are estimated to total $**411.48**.

**4.3   Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4   Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
■   **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5   Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
■   **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐   The sum of $          .
☐   _____% of the total amount of these claims, an estimated payment of $_____.
■   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__**0.00**__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐   **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
■   The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **U.S. Department of Education** | $0.00 | $0.00 | $0.00 |
| | Disbursed by: ☐ Trustee ■ Debtor(s) | | |
| **U.S. Department of Education** | $0.00 | $0.00 | $0.00 |
| | Disbursed by: ☐ Trustee ■ Debtor(s) | | |
| **U.S. Department of Education** | $0.00 | $0.00 | $0.00 |
| | Disbursed by: ☐ Trustee ■ Debtor(s) | | |
| **U.S. Department of Education** | $5.00 | $0.00 | $0.00 |

| Debtor | **Kashaka C. McKee** | | Case number | **19-00152** |

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **U.S. Department of Education** | Disbursed by:<br>☐ Trustee<br>■ Debtor(s)<br>$0.00 | $0.00 | $0.00 |
| **U.S. Department of Education** | Disbursed by:<br>☐ Trustee<br>■ Debtor(s)<br>$0.00 | $0.00 | $0.00 |
| **U.S. Department of Education** | Disbursed by:<br>☐ Trustee<br>■ Debtor(s)<br>$0.00 | $0.00 | $0.00 |
| **U.S. Department of Education** | Disbursed by:<br>☐ Trustee<br>■ Debtor(s)<br>$0.00 | $0.00 | $0.00 |
| | Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | | |

*Insert additional claims as needed.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☐ plan confirmation.
■ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**1. The first plan tier is reduced to allow for payment of the filing fee in installments.**

| Debtor | Kashaka C. McKee | Case number | 19-00152 |
|---|---|---|---|

**2. Provisions relating to student loans:**
(A) In accordance with 11 U.S.C. § 523(a)(8), this Chapter 13 plan of reorganization ("Chapter 13 Plan") cannot and does not provide for a discharge, in whole or in part, of the Debtor's federal student loan debt authorized pursuant to Title IV of the Higher Education Act of 1965, as amended ("Federal Student Loan(s)"). The Federal Student Loans are those listed on Schedule F.
(B) Debtor may, under this Plan, obtain additional federal student loan debt without further order of the Court.
(C) During the course of this Chapter 13 bankruptcy case until its dismissal or closure, the Debtor may continue participating in a student loan rehabilitation program. Further, Debtor may apply for loan repayment of her existing Federal Student Loan(s). For purposes of this paragraph, the following provisions apply:
(1) Debtor may make all such payments outside the Plan.
(2) Debtor expressly acknowledges and agrees that while this Chapter 13 case is open, Debtor waives application of the automatic stay provisions of 11 U.S.C. § 362(a) to all loan servicing, administrative actions, communications, and determinations concerning the Debtor's eligibility for applicable repayment options.
(3) Debtor expressly waives any and all causes of action and claims against the creditor for any alleged violation of 11 U.S.C. § 362(a) with regard to the default status of Debtor's Federal Student Loan(s) based on Debtor's non-payment while this Chapter 13 case is open, including communications with, correspondence to, or transmittal of statements to the Debtor, and telephonic and email contact with the Debtor, concerning and resulting from Debtor's Federal Student Loan default.
(4) Debtor first shall give notice to the creditor in writing by letter of any alleged action by the creditor concerning the Federal Student Loan(s) that is contrary to the provisions of this Section and or 11 U.S.C. § 362(a). Debtor shall not institute any action in the Bankruptcy Court against the creditor under 11 U.S.C. § 362(a) and (d) until after the creditor has been given a reasonable opportunity to review, and, if appropriate, correct such actions. Notices provided to the creditor under this subsection must include a description or identification of the actions that Debtor alleges to be in violation of this Section of the Chapter 13 Plan and/or 11 U.S.C. § 362(a). Any notice required to be given under this subsection shall be directed to the Federal Student Loan creditor, care of the district office of the United States Attorney's Office, Cedar Rapids, Iowa.

**3.** The "Current installment payment" for purposes of paragraph 5.2 of this Plan is unknown at this time, because the Debtor is in a rehabilitation program requiring only $5.00 per month for all loans; the installment shall be the amount later determined by the Department of Education and the Debtor, pursuant to subparagraph 2 hereof.

**4.** The trustee shall pay allowed claims in the following order: first, administrative claims and any approved attorney's fees; second, allowed secured claims, including deficiencies; third, priority claims, in the order enumerated in § 507 of the Bankruptcy Code; fourth, unsecured nonpriority claims. Secured creditors shall be paid in full prior to any payments to unsecured creditors, and such payments shall satisfy the Debtor(s)' obligation, if any, to provide adequate protection payments to such secured creditors pursuant to (11 USC § 1326(a)(1)(C)).

| Part 9: | Signature(s): |
|---|---|

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Kashaka C. McKee**
    **Kashaka C. McKee**
    Signature of Debtor 1

    Executed on    **March  5, 2019**

X   **/s/ Steven G. Klesner**
    **Steven G. Klesner**
    Signature of Attorney for Debtor(s)

X
    Signature of Debtor 2

    Executed on

    Date    **March  5, 2019**

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

| Debtor | **Kashaka C. McKee** | Case number | **19-00152** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | | |
|---|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | | **$4,411.48** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | | **$108.52** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)* | + | **$0.00** |
| | **Total of lines a through j** | | **$4,520.00** |